IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID CHUBB, §<br>　Plaintiff, §<br>§<br>v. §<br>§<br>STATE FARM LLOYDS §<br>　Defendant. § | | 5:25-cv-1902<br><br>Civil Action No. _____ |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.  On November 4, 2025, Plaintiff David Chubb filed Plaintiff's Original Petition in the 45th Judicial District Court of Bexar County under Cause No. 2025CI25998, captioned *David Chubb v. State Farm Lloyds*.[1]

2.  Service of suit upon State Farm's registered agent occurred on December 1, 2025, and State Farm timely answered thereafter on December 16, 2025.[2]

3.  State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

### *Nature of the Suit*

4.  This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claim for damages allegedly caused by a storm occurring on or about March 28, 2025, at Plaintiff's

---

[1] *See* Exhibit A, Plaintiff's Original Petition at page 1.
[2] *See* Exhibit A, State Farm's Original Answer.

property located at 439 Tiger Hills, San Antonio, Texas 78251. Plaintiff asserts causes of action against State Farm for breach of contract, noncompliance with Texas Insurance Code (unfair settlement practices and the prompt payment of claims), breach of the duty of good faith and fair dealing, and violation of the Texas Deceptive Trade Practices Act. Plaintiff seeks to regain the benefit of the bargain, actual damages, policy benefits, treble damages, 18% interest per annum, compensatory damages, additional costs, exemplary and punitive damages, statutory benefits, pre-judgment interest, post-judgment interest, costs of court and attorneys' fees.[3]

### Basis for Removal

5.  Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.  Plaintiff states in his Original Petition that he "is an individual domiciled in Bexar County, Texas." Thus, Plaintiff was a citizen of Texas when the Petition was filed, and Plaintiff continues to be a citizen of Texas.[4]

7.  At the time Plaintiff's Original Petition was filed in State District Court on November 4, 2025, naming State Farm as Defendant, and as of the date of filing this Notice, State Farm Lloyds was and is not a citizen of the State of Texas for diversity jurisdiction purposes.[5] State Farm Lloyds is an association of individual underwriters. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced,

---

[3] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 54-62 and Prayer.
[4] *See*, Exhibit A, Plaintiff's Original Petition, ¶ 2.
[5] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")

and still are, all citizens of Illinois or Arizona for diversity purposes. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in Illinois or Arizona.[6] Specifically, all underwriters are residents of Illinois or Arizona, employed in Illinois or Arizona, and are intending to remain domiciled in Illinois or Arizona during their time as an underwriter for State Farm Lloyds. Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois and/or Arizona, not of Texas.[7]

8.  Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's Original Petition asserts "Plaintiff is seeking monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees."[8] Additionally, Plaintiff made a pre-litigation DTPA demand to State Farm stating Plaintiff has "suffered actual damages in the amount of $54,827.33" plus Plaintiff had incurred legal fees, at that time, of $1,000.00 billed at $500.00 per hour. Plaintiff made a further "after suit is commenced" demand of $167,481.99.[9] Thus, given the plain language of the pleading, and the types of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

9.  In determining the amount in controversy, the court may also consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[10] Here,

---

[6] *Id.*
[7] *Id.*
[8] *See* Exhibit A, Plaintiff's Original Petition, ¶ 4.
[9] *See* Exhibit B, Plaintiff's DTPA Demand.
[10] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after

Plaintiff claims a storm caused damage to the property that Plaintiff insured through State Farm.[11] Plaintiff seeks damages for State Farm's alleged failure to pay what was owed under the terms of Plaintiff's insurance contract.[12] The Policy at issue for the reported date of loss is a Texas Homeowners Policy with coverage limits of $474,600 for the dwelling, $47,460 for other structures, $355,950 for personal property and a loss of use limit of $142,380. Plaintiff seeks actual damages, statutory interest penalties and additional statutory damages for alleged knowing violations of the Insurance Code up to three times actual damages.[13] Plaintiff also seeks attorneys' fees for bringing this suit.[14] Based on the Policy's coverage limits, the nature of Plaintiff's claim, and the damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

10. State Farm was first served with Plaintiff's Original Petition in State District Court on December 1, 2025. Therefore, State Farm files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

12. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

---

considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

[11] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 7-12.
[12] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 11-15.
[13] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 54-62 and the Prayer.
[14] *See* Exhibit A, Plaintiff's Original Petition, ¶ 63.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

14.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 45th Judicial District Court for Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 45th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas – San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ MOYNIHAN & BROWN, LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:    (210) 227-4602
dstephens@lsslaw.com
acasanova-smith@lsslaw.com

By: _____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*
Analysa Casanova-Smith
State Bar No. 24130023

COUNSEL FOR DEFENDANT STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the 30th day of December, 2025, addressed to those who do not receive notice from the Clerk of the Court.

    Shaun W. Hodge
    David M. Buergler
    THE HODGE LAW FIRM, PLLC
    The Historic Runge House
    1301 Market Street
    Galveston, Texas 77550
    shodge@hodgefirm.com
    dbuergler@hodgefirm.com

                                                David R. Stephens / Analysa Casanova-Smith